Paul Gattone
State Bar Number 012482
LAW OFFICE OF PAUL GATTONE
312 S. Convent
Tucson, Arizona 85701
(520) 623-1922
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

LILLY CHACON,

        Plaintiff,

Vs.

THE TOWN OF ORO VALLEY, an Arizona municipality, THE ORO VALLEY POLICE DEPARTMENT, OFFICER B. Selby #207, in his individual and official capacity, OFFICER M. GRACIE #227 in his individual and official capacity.

        Defendants.

No.

**CIVIL RIGHTS COMPLAINT FOR DAMAGES**

Comes now the Plaintiff who alleges:

**INTRODUCTION**

1. This civil action for damages is based on the physical and emotional harm inflicted on the Plaintiff by the Defendants while acting in their capacity as law enforcement officers and governmental agents of the Town of Oro Valley and of the Oro Valley Police Department. Defendants deprived Plaintiff of her civil rights, privileges and immunities as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States' Constitution and of the Constitution and Laws of the State of Arizona.

- 1 -

2. This civil action for money damages is brought pursuant to 42 U.S.C. §§1983 and 1988 and the 4th and 14th Amendments to the United States Constitution and under the law of the State of Arizona.

3. This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to its pendent jurisdiction over all claims arising under state law.

**PARTIES**

4. Plaintiff Charlene Chacon is a seventy-nine year old woman who resides with her husband in Oro Valley, Arizona. She is, and was, at all times relevant to this action a resident of Pima County, Arizona.

5. Defendant Town of Oro Valley, is, and at all times relevant to the facts alleged herein was, a municipal corporation, duly organized and existing under the laws of the State of Arizona. Defendant Town of Oro Valley is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Oro Valley Police Department and its agents and employees. At all times relevant to the facts alleged herein, the Town of Oro Valley was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the Oro Tucson Police Department and its employees complied with the laws and Constitution of the United States and of the State of Arizona. The constitutional violations and torts committed by the Defendants resulted from policies and customs of the Town of Oro Valley.

6. Defendant Oro Valley Police Department is the entity responsible for law enforcement and protection of the citizens of Oro Valley, Arizona, and as such has overall responsibility for the training, supervision and discipline of members of the officers of the Oro Valley Police Department as well as for the Department's policies and practices.

7. Defendant Officer Selby #207 was, and is at all times relevant to the facts alleged herein, a duly appointed officer of the Oro Valley Police Department acting within the course and scope of his employment and under color of state law.  Defendant Selby is being sued in his official and individual capacities.

8. Defendant Officer Gracie #227 was, and is at all times relevant to the facts alleged herein, a duly appointed officer of the Oro Valley Police Department acting within the course and scope of his employment and under color of state law.  Defendant Selby is being sued in his official and individual capacities.

9. At all times relevant to the facts alleged herein, all individual Defendants were duly appointed, qualified and sworn personnel and/or agents of the Town of Oro Valley and of the Oro Valley Police Department, employed as such and by the Department and acting within the course and scope of their employment and/or agency and under color of state law.

10. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as agent, employee or under the direction and control of the others.  All such acts and failures to act were within the scope of such agency and/or employment and under color of law, and each Defendant participated in, approved and/or ratified the acts and omissions of other Defendants complained of herein.

11. Upon information and belief, the Plaintiff alleges that Defendant Town of Oro Valley, explicitly or through acquiescence, ratified the conduct alleged herein and failed adequately to train, supervise and monitor all persons responsible for the policies, practices and customs complained of herein.

12. Upon information and belief, the Plaintiff alleges that Defendant Town of Oro Valley ratified the conduct alleged herein and failed adequately to train, supervise and monitor the Defendant Officer who performed unlawful acts complained of herein, and failed to promulgate adequate policies or regulations to prevent such unlawful acts.

13. Plaintiff sues all Defendants in their individual and professional capacities.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

14. On the evening of September 30, 2011 she was at home and had just finished preparing dinner for her family.

15. At approximately 6:30pm Plaintiff went out to the front of her home to call her adult grandson to dinner.

16. At the time her grandson was living with Plaintiff, and that night he was sitting in a car with his girlfriend across the street from Plaintiff's home.

17. Prior to leaving her house, Plaintiff had received a call from her grandson and he said something about needing his identification.

18. Plaintiff thought this call concerned the home owners' association wanting to see his identification, so she walked outside to explain that the person in the vehicle was her grandson.

19. Immediately after stepping outside, Plaintiff became aware of a flashlight being shined directly in her face from an unknown person.

20. Defendant Gracie was apparently the person holding the flashlight and was yelling something at Plaintiff, who has hearing problems, and she was having a difficult time understanding what the person was yelling, as another man, Defendant Selby, was also yelling at Plaintiff at the same time.

21. As such Plaintiff walked a bit closer to the person with the flashlight in an attempt to clarify what was being yelled at her.

22. Plaintiff could also not see the people who were yelling at her because of the glare of the flashlight and headlights.

23. Without warning, Plaintiff's arm was violently grabbed and she was thrown against a truck that was parked nearby.

24. Plaintiff later found out that the person who grabbed her arm and threw her against the truck was Officer Selby #V207.

25. At that point Defendant Selby and Gracie the officers told Plaintiff that she was under arrest.

26. During this time both Defendant Selby and Gracie continued to yell at Plaintiff so loudly that her husband came out of the house to see what was happening.

27. Neighbors also exited their homes to see what all the yelling was about.

28. Plaintiff, who was 79 years old at the time of this incident, was in a great deal of physical pain as a result of the officers' actions.

29. When Plaintiff asked Defendants Gracie and Selby to call paramedics or an ambulance to assist her, they refused to do so.

30. Plaintiff was also getting cold and tired after being forced by Defendants Selby and Gracie to stand for an extended period of time.

31. Plaintiff asked Defendants Gracie and Selby if she could sit in the vehicle her grandson had been sitting in, Defendants refused to allow her to do so and instead Defendant Selby threatened to "put her on the ground."

32. Plaintiff was very frightened by this remark, as she took this to mean that Defendant Selby was threatening to forcefully place her on the ground.

33. Rather than agree to Plaintiff's request, Defendants told Plaintiff that she could sit on the bumper of a truck that was parked in the area.

34. Plaintiff was in great pain at that point and could not reach the higher part of the bumper that the officers were directing her to sit on.

35. Defendants Selby and Gracie officers would not give her any assistance in order to allow Plaintiff to sit on the lower part of the truck bumper that she could reach.

36. When Plaintiff attempted to adjust her position so that she could sit on the bumper, Defendant Selby threatened again to put Plaintiff "on the ground" if she moved one more time.

37. Plaintiff was terrified to attempt to sit on the bumper after this renewed threat by Defendant Selby to use violence against her.

38. Plaintiff again took this to be a threat to physically throw her to the ground, and was terrified of additional injury from his threatened actions.

39. During this incident Ms. Chacon expressed disbelief regarding her treatment and the officers' conduct, and was told by Defendant Selby that she should not tell anyone about it because no one would believe her.

40. Before Defendants Selby and Gracie left that evening they charged Plaintiff with the misdemeanor charge of interfering with governmental operation.

41. Plaintiff was told by the Defendants that she was being charged for allegedly interfering with the arrest of her grandson on narcotics charges.

42. This situation was very upsetting for Plaintiff because she had never been charged with criminal activity before and was very embarrassed at being charged and arrested in front of her neighbors.

43. Eventually Plaintiff received a notice from the Office of the Oro Valley Prosecutor dismissing the charges against her.

44. On the night in question, Plaintiff was taken by her husband to the emergency room.

45. In the past Plaintiff has had serious problems with her rotator cuffs, and she was in great pain after being grabbed and pushed around by Defendants.

46. Plaintiff also had significant bruising to her arm and this caused her additional pain.

47. On two occasions since this incident, Plaintiff has returned to the doctor to receive cortisone shots and other treatment for continuing pain to her arms and shoulders.

48. While the physical pain has diminished since the incident, Plaintiff has continued to suffer emotionally from her treatment and has been given medication to calm her nerves and has seen a counselor for her emotional injuries.

49. Each Defendant acted or failed to act in a manner that contributed to the violations of the law set out below. They participated in a common operation that resulted in the above described violation of Plaintiff's civil rights and physical harm, or allowed acts to be set in motion that they knew or should have known would lead to these injuries and illegal consequences.

50. As a direct and proximate result of the above acts of the Defendants, Plaintiff suffered the following injuries and damages:

    A) Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures, and from the unequal enforcement of the laws:

    B) Physical, mental and emotional pain and suffering:

    C) Violation of her right to be free from being falsely and wrongfully arrested and subjected to criminal charges

    D) Violation of her right to be free from the application of unreasonable application and use of physical force.

51. Defendants' actions violated clearly established and settled constitutional rights, including

    A)    Freedom from unreasonable search and seizure;

    B)    Freedom from unequal enforcement of the laws;

    C)    Freedom from the use and application of excessive force.

52. Defendants Oro Valley Police Department and Town of Oro Valley have a de facto policy of allowing and/or acquiescing with the actions of officers under their direction of illegally arrest individuals without probable cause and using excessive and unjustified force.

53. Defendants Oro Valley and Town of Oro Valley has through this de facto policy caused the violation of Plaintiff's constitutional rights set out above.

54. Defendants Oro Valley Police Department and Town of Oro Valley demonstrated deliberate indifference to the rights of Plaintiff by giving officers unfettered discretion to use excessive and unnecessary force against members of the public, and to arrest persons for questionable reasons, and under improper circumstances.

55. Defendant Town of Oro Valley and Oro Valley Police Department have

encouraged the violations of constitutional rights described herein by their failures, (a) to adequately train corrections personnel, including those involved in the actions taken against Plaintiff, and (b) adequately supervise the action of officers under their control.

**COUNT ONE**
(42 U.S.C. § 1983 Against Defendants Selby #207 and Gracie #227)
(False Arrest and Excessive Force)

56. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

57. Plaintiff claims damages under 42 U.S.C. §1983 against Defendant Selby for violating her civil rights under color of state law.

**COUNT TWO**
(42 .S.C. § 1983 Against The Town of Oro Valley and Oro Valley Police Department)

58. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

59. Plaintiff claims damages under 42 U.S.C. §1983 against The Town of Oro Valley and the Oro Valley Police Department for developing, implementing, and maintaining policies or customs which exhibit deliberate indifference to the constitutional rights of persons who are arrested in Tucson and for allowing the use of excessive and unnecessary force against, and falsely arresting members of the public.

**COUNT THREE**
(State Law Claims Against All Defendants, False Arrest, Assault, False Imprisonment, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress)

60. Plaintiff restates and incorporates by reference each and every allegation in the foregoing paragraphs, as though fully set forth herein.

61.     Plaintiff claims damages pursuant to Arizona Law for damages for false arrest, assault, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress for the wrongful and intentional actions taken against her by Defendants separately and in conjunction with one another.

**CLAIM FOR RELIEF**

WHEREFORE, the Plaintiff asks that this court grant her the following relief:

    a. General damages against Defendants in an amount to be determined upon consideration of the evidence;

    b. Punitive damages against Defendants in an amount to be determined upon consideration of the evidence;

    c. Costs of this suit;

    d. Attorney's fees pursuant to applicable statutes, including, inter alia, 42 U.S.C. §§ 1983 and 1988;

    a. Granting any and all other relief that the court deem appropriate.

**A JURY TRIAL IS REQUESTED IN THIS MATTER**

REPECTFULLY SUBMITTED this 24th day of April 2012.

    _s/Paul Gattone_____
    Paul Gattone
    Attorney for Plaintiff